KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRISTA WATSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC., a Washington corporation,<br><br>Defendant. | Case No.:<br><br>COMPLAINT – CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff's Class Action Complaint is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

CLASS ACTION COMPLAINT - 1

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

5. Plaintiff, Crista Watson (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated on a debt, who resides in the city of Dallas, county of Paulding, state of Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Convergent Outsourcing, Inc., (hereinafter "Defendant"), is a debt collection agency and Washington State corporation licensed to do business in Georgia and that regularly conducts business in said state. Defendant has a principal place of business located at 800 SW 39th Street, Renton, Washington 98057.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mails for the principal purpose of collecting debts.

CLASS ACTION COMPLAINT - 2

## FACTUAL ALLEGATIONS

9. At some point prior to June 2017, Plaintiff allegedly incurred a consumer debt with non-party Gas South, LLC, that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined at 15 U.S.C. § 1692a(5).

10. Prior to June 2017, Plaintiff defaulted on her debt with Gas South, LLC.

11. Prior to June 2017, the debt was sold or otherwise transferred to Defendant for collection.

12. Defendant sent a dunning letter to Plaintiff on June 21, 2017. The letter stated that Plaintiff owed $253.48 on account number 6857115675.

13. Pursuant to 15 U.S.C. § 1692g, a debtor has thirty (30) days from receipt of a notice of debts to dispute his or her debt with the creditor or to request the name and address of the original creditor.

14. On July 3, 2017, Plaintiff sent a dispute letter to Defendant via first class certified U.S. Mail, tracking number ending in 3682.

15. On July 7, 2017, at 8:03 a.m., according to the United States Postal Service Tracking Results, Plaintiff's July 3, 2017 letter was delivered to Defendant.

CLASS ACTION COMPLAINT - 3

16. Defendant failed to respond to Plaintiff's letter in any manner and failed to provide the requested information, as required by 15 U.S.C. § 1692g(b).

17. On July 12, 2017, Plaintiff viewed her Experian, Equifax and TransUnion reports and found that the Convergent Outsourcing account was being reported as undisputed on all three.

18. On July 24, 2017, Plaintiff viewed her TransUnion report, which showed the Convergent account marked as disputed, and reporting as recently as July 16, 2017.

19. On August 1, 2017, Plaintiff viewed her Experian report, which showed the Convergent account marked as disputed, and reporting as recently as July 23, 2017.

20. On August 17, 2017, Plaintiff viewed her Equifax report, which showed the Convergent account marked as disputed.

21. Despite demand from Plaintiff to either validate the debt or cease collection activity, Defendant has done neither as of the date of this filing.

22. Moreover, Defendant is in receipt of Plaintiff's dispute, as it marked its accounts with all three credit reporting agencies as "in dispute."

CLASS ACTION COMPLAINT - 4

23. Continuing to report to credit reporting agencies is an act of continued debt collection.

24. Defendant violated 15 U.S.C. § 1692g(b), when it failed to respond to Plaintiff's dispute letter seeking verification of the alleged debt yet continued collection activity by furnishing information regarding the alleged but disputed debt to TransUnion, Equifax, and Experian, national credit reporting agencies. *See Edeh v. Midland Credit Mgmt., Inc.*, 748 F.Supp.2d 1030, 1035-36 (D. Minn. 2010) *aff'd* 413 F.App'x 925 (8th Cir. 2011); *see also McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 915 (8th Cir. 2014) (stating that related reasoning in Edeh is "persuasive"), *Bartl v. Enhanced Recovery Co., LLC,* No. 16-CV-252 (JNE/KMM), 2017 U.S. Dist. LEXIS 67638 (D. Minn. May 3, 2017), *Purnell v. Arrow Fin. Servs., LLC*, 303 F.App'x 297, 394 (6th Cir. 2008); *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274, 1278 (S.D. Ala. 2009); *Moscona v. California Bus. Bureau, Inc.*, 2011 WL 5085522, at *2 (S.D. Cal. Oct. 25, 2011).

25. Plaintiff received a letter from Wells Fargo Bank, N.A. dated August 18, 2017, in response to her application for a Wells Fargo Loan. Wells Fargo did not approve Plaintiff's request for credit due to Defendant's collection actions.

CLASS ACTION COMPLAINT - 5

26. Defendant's actions caused damages to Plaintiff in the form of sleeplessness, embarrassment when talking to friends and family, and depression, and Defendant's actions have had a negative effect on Plaintiff's job.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action individually and as a class action.

28. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify a class.

29. The class Plaintiff seeks to certify is defined as (hereinafter the "Class"):

All consumers nationwide who, within one (1) year of the filing of this Class Action Complaint, were sent an initial collection letter from Defendant in a form substantially similar or materially identical to the one mentioned above, then subsequently disputed the debt pursuant to 15 U.S.C. 1692g(b) with Defendant, to whom Defendant then failed to send documentation verifying the disputed alleged debts, and thereafter had their alleged debts reported to the national credit reporting agencies.

30. The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding:

All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendant, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.

31. The Class meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*
### *Numerosity*

32. Defendant is a privately held, national consumer debt collection agency.

33. Defendant pursues consumers nationwide for settlement of such alleged debt obligations.

34. Upon information and belief, Defendant attempted to collect alleged debts from numerous consumers who originally had outstanding alleged debt obligations.

35. Upon information and belief, many of the outstanding accounts for which Defendant sought to collect were disputed by consumers seeking verification of the alleged accounts, Defendant failed to provide consumers with such verification, yet still reported the alleged outstanding accounts to the national credit reporting agencies, thereby

CLASS ACTION COMPLAINT - 7

continuing collection efforts without providing verification or validation pursuant to 15 U.S.C. § 1692g(b).

36. Based on the fact that the collection letter at issue is a mass-mailed form letter, it is plausible that Defendant attempted to collect on and reported alleged outstanding debt accounts that were disputed by consumers to the national credit reporting agencies on such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

37. Therefore, upon information and belief, the estimated number of Class members is in excess of 50.

*Commonality*

38. All members of the Class had their rights violated in the same manner by the same actions of Defendant.

39. Common evidence, in particular (1) a list of all alleged consumer debtor accounts contained in the portfolio that was sold, transferred, and/or assigned to Defendant; (2) the collection letters sent by Defendant in an attempt to collect on the alleged outstanding consumer accounts contained in the aforementioned portfolio; (3) records in the possession of Defendant documenting those consumers who disputed such alleged outstanding accounts; and (4) records in the possession of Defendant

CLASS ACTION COMPLAINT - 8

documenting those consumers who disputed such alleged outstanding accounts, to whom verification of such accounts was not sent, yet had such accounts reported to the national credit reporting agencies; will drive resolution of the claims of the Class.

40. Statutory relief under the is directed based upon the common conduct of Defendant, i.e. the extent to which Defendant sent collection letters to consumers, received letters disputing the alleged outstanding accounts, failed to verify such disputed accounts, yet reported such accounts to the national credit reporting agencies, and not the subjective, individual experiences of members of the Class.

### *Typicality*

41. Plaintiff has the same claims to statutory relief as all other members of the Class and such claims are all based on the same facts and legal theories.

42. The only individual issue is the identification of the consumers who received collection letters from Defendant, (i.e. the Class members), sent dispute letters to Defendant, to whom Defendant failed to send validation of the debt, and thereafter had such accounts reported to the national credit reporting agencies, which is a matter capable of ministerial determination from Defendant's records.

CLASS ACTION COMPLAINT - 9

43. Any defenses that Defendant may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the Class.

### *Adequacy*

44. Plaintiff brings this lawsuit after an extensive investigation of Defendant's alleged misconduct.

45. Plaintiff brings this lawsuit with the intention to stop Defendant's unlawful practices and recover statutory penalties for all consumers affected.

46. Plaintiff will continue to vigorously pursue relief for the Class.

47. Plaintiff will fairly and adequately represent the Class members' interests.

48. Plaintiff's interests are consistent with the interests of the Class.

49. Plaintiff's counsel, the Consumer Justice Center, P.A., has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

50. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the FDCPA Class.

CLASS ACTION COMPLAINT - 10

*Rule 23(b)(3)*
*Predominance/Superiority*
*Predominance*

51. Statutory relief under the follows from evidence that Defendant failed to provide verification of disputed alleged debts yet reported such disputed alleged debts to the national credit reporting agencies, not the subjective experience of any one complainant.

52. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Class.

*Superiority*

53. Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendant related to their unlawful collection conduct.

54. Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting this lawsuit.

55. Upon information and belief, few members of the Class are aware that Defendant's conduct, which consisted of the failure to provide verification of disputed alleged debts prior to reporting them to the national credit reporting agencies, was unlawful.

CLASS ACTION COMPLAINT - 11

56. The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## STANDING

57. The above-detailed conduct by Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

58. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

59. Defendant's actions caused damages to Plaintiff in the form of sleeplessness, embarrassment when talking to friends and family, and depression, and Defendant's actions have had a negative effect on Plaintiff's job.

60. Defendant's violations of FDCPA provisions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete.

61. Defendant's violations of FDCPA provisions illustrate the risk of tangible harm from debt-collector misrepresentations, which is an increased risk of harm that itself supports standing here.

62. Defendant's actions constitute an injury that is personal to Plaintiff and is not a non-justiciable generalized grievance.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 *et. seq.*

64. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA as outlined above.

66. Defendant failed to respond to Plaintiff's dispute seeking verification of the alleged debt with Gas South, LLC, yet continued collection activity by furnishing information regarding the disputed alleged debt to Equifax, Experian, and TransUnion, national credit reporting agencies, in violation of 15 U.S.C. § 1692g(b).

CLASS ACTION COMPLAINT - 13

67. By continuing to hurt Plaintiff's credit by reporting to all three credit reporting agencies without validating the debt, Defendant used unfair and unconscionable means to collect or attempt to collect on an alleged debt, in violation of 15 U.S.C. § 1692f.

68. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages and statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

69. That judgment be entered against Defendant ERC for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

70. That judgment be entered against Defendant ERC for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

71. That the Court award costs and reasonable attorney's fees from Defendant, pursuant to 15 U.S.C. § 1692k(a)(3);

72. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; and

CLASS ACTION COMPLAINT - 14

73. That the Court grants such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED this 2nd day of July, 2018.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 15