UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTA WATSON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C18-0976JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR CLASS CERTIFICATION |

Before the court is Plaintiff Crista Watson's motion for an extension of time to file her class certification motion. (Mot. (Dkt. # 13).) Defendant Convergent Outsourcing, Inc. ("Convergent") opposes the motion. (Resp. (Dkt. # 15).) The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion.

---

[1] The parties have not requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be of assistance in deciding the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

This lawsuit commenced on July 2, 2018. (*See* Compl. (Dkt. # 1).) On October 5, 2018, the court entered a scheduling order regarding class certification. (Order (Dkt. # 6).) The court ordered the parties to complete discovery for class certification by November 28, 2018, and Ms. Watson to file her motion for class certification by December 28, 2018. (*Id.* at 1.) On December 28, 2018, Ms. Watson filed only the present motion, requesting an extension of time in which to file the class certification motion. (Mot.) Ms. Watson does not move to reopen class discovery. (*See generally id.*)

The court must rule on the issue of class certification at an early practicable time. Fed. R. Civ. P. 23(c)(1)(A). Pursuant to Local Rule 23, a plaintiff in this district must file a motion for class certification within 180 days after filing the complaint unless otherwise ordered by the court. Local Rules W.D. Wash. LCR 23(i)(3). This period "may be extended on motion for good cause." *Id.* In this case, the court set the class certification deadline for December 28, 2018—179 days after Ms. Watson filed her complaint. (Order at 1.) The court's scheduling order reiterated the Local Rule 23 standard, stating that court-ordered deadlines "are firm" and will be altered "only upon good cause shown." (*Id.* at 2); Local Rules W.D. Wash. LCR 23(i)(3).

Ms. Watson argues good cause exists to extend the class certification motion deadline because Convergent has not yet responded to her written discovery requests. (Mot. at 2.) According to Ms. Watson, "all parties will benefit" from discovery, which will help determine "whether this case should proceed on a class or individual basis." (*Id.*) Convergent argues that Ms. Watson has not shown good cause in part because it did

not receive Ms. Watson's discovery requests in the mail until November 29, 2018, one day after class discovery closed. (Resp. at 1-2.) Moreover, Convergent contends that because the deadline to conduct class discovery expired on November, 28, 2018, and Ms. Watson did not seek to extend the discovery deadline, "conducting further class discovery cannot serve as the basis for continuing the class certification motion filing deadline." (*Id.* at 2.)

Good cause exits to modify a schedule if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Federal Rule of Civil Procedure 16); *see also Blough v. Shea Homes, Inc.*, No. C12-1493RSM, 2014 WL 1400990, at *2 (W.D. Wash. Apr. 10, 2014) (applying Federal Rule of Civil Procedure 16's good cause standard to a motion to extend class certification brought under Local Rule 23). The moving party bears the burden of showing good cause. *See, e.g.*, *Johnson*, 975 F.2d at 608-09.

Courts have found good cause where unusual and time-consuming personal matters arise prior to a filing deadline. *See, e.g.*, *Kautsman v. Carrington Mortg. Servs., LLC*, No. C16-1940JCC, 2018 WL 6199013, at *1-2 (W.D. Wash. Nov. 27, 2018) (explaining that evidence of counsel's extensive personal legal proceedings with a family member established good cause for missing class certification filing deadline). Courts have also excused a failure to timely file a class certification motion due to abnormal procedural uncertainty in a case. *See, e.g.*, *Linehan v. AllianceOne Receivables Mgmt., Inc.*, No. C15-1012JCC, 2016 WL 9526499, at *1 (W.D. Wash. Aug. 5, 2016) (excusing

failure to timely file class certification motion given stayed motions to dismiss, a timely request for guidance on scheduling to which the court had not yet responded, and the extension of the discovery deadline until after the class certification deadline).

Here, however, Ms. Watson presents no evidence that the filing deadline could not be met despite her diligence. Ms. Watson does not allege that extraordinary personal matters or procedural uncertainty caused delay. (*See generally* Mot.) The only evidence Ms. Watson presents to excuse her delay is her failure to complete discovery in a timely manner. (*See id.* at 1-2.) But, as the court explained in its scheduling order, "the failure to complete discovery within the time allowed will not ordinarily constitute good cause." (Order at 2.) In fact, courts generally do not consider incomplete discovery as grounds for good cause even when the opposing party is at fault for the incomplete discovery. *See Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *9 (W.D. Wash. Mar. 23, 2015) (denying the plaintiff's motion to continue class certification deadline when the basis for the extension was the defendant's inadequate discovery responses and the plaintiff did not explain why this would limit its ability to move for certification).

The court sees no reason to stray from this precedent, especially because Convergent is not at fault for the incomplete discovery—Ms. Watson did not propound discovery until November 26, 2018, a mere two days before discovery closed. (Mot. at 2; Elston Decl. (Dkt. # 14) ¶ 2.) Moreover, Ms. Watson filed the present motion on the final day to move for class certification. (*See* Mot.) Simply put, Ms. Watson has not demonstrated that she diligently sought to comply with the court's scheduling order.

Even if the court extended the motion deadline, Ms. Watson would not get the relief she claims is beneficial—additional discovery—because the deadline for class discovery passed on November 28, 2018, and Ms. Watson did not move to extend that deadline.

Based on the forgoing analysis, the court concludes that Ms. Watson has not established good cause for extending the deadline to file a motion for class certification. Accordingly, the court DENIES Ms. Watson's motion. (Dkt. # 13.) The court also ORDERS the parties to file, within 14 days of the date of this order, a joint status report clarifying the status of this case in light of the court's ruling on Ms. Watson's motion to extend.

Dated this 24th day of January, 2019.

JAMES L. ROBART
United States District Judge